IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

NICHOLAS and STACY NOVAK, individually
and on behalf of others similarly situated,
2090 W Noelle Ln
Appleton, WI 54913,

    Plaintiffs,

v.                                                                               Case No. 23-CV-

STATE FARM FIRE AND CASUALTY COMPANY,
One State Farm Plaza
Bloomington, Illinois 61710
c/o Corporation Service Company
33 E Main St. Suite 610
Madison, WI 53703,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Nicholas and Stacy Novak (collectively, "Novak"), individually and on behalf of other Wisconsin residents similarly situated, by their attorneys MGW Law, LLP, bring this action against State Farm Fire and Casualty Company ("State Farm") as follows:

### INTRODUCTION

1. Pursuant to Wis. Admin. Code § Ins 6.76(3)(L), State Farm is authorized to include a standard-form appraisal clause in any fire insurance policy issued in the State of Wisconsin, or a more liberalized variation thereof.

2. The standard-form appraisal provides that where an insured and State Farm disagree "as to the actual cash value or the amount of loss" then either may demand appraisal to "appraise

the loss, stating separately actual cash value and loss to each item" and to "determine the amount of actual cash value and loss." See Wis. Admin. Code § Ins 6.76(3)(L).

3. Pursuant to the Administrative Code, State Farm issued insurance policies in the State of Wisconsin which contained an appraisal clause.

4. Plaintiffs and the proposed members of the class suffered covered losses and a disagreement arose over the amount of said losses such that Plaintiff and the proposed class members invoked the appraisal clause in their respective policies.

5. Although Plaintiffs and members of the proposed class were entitled to an appraisal to resolve the disagreement over the amount of loss, State Farm rejected its insureds' appraisal demands and/or refused to participate in the appraisal process.

6. Plaintiffs, individually and on behalf of all other Wisconsin residents similarly situated, seeks a declaration on the application of the appraisal clause and an order compelling State Farm to participate in the appraisal process as required under the insurance policies and the law of the State of Wisconsin.

## THE PARTIES

7. Plaintiffs are and were at all relevant times adult citizens of the State of Wisconsin domiciled and residing at 2090 West Noelle Lane, Appleton, Wisconsin 54913.

8. State Farm is and was at all relevant times a foreign insurance corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710; and qualified and registered to do business in the State of Wisconsin with a registered agent for service of process identified as Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin 53703.

9. At all relevant times, State Farm issued an insurance policy to the Plaintiffs which gave them the right to demand an appraisal to resolve any disagreement over the amount of a covered loss.

10. The insurance policy issued to the Plaintiffs is a standard-form policy that State Farm issued to other homeowners across the State of Wisconsin. Further, upon information and belief, State Farm issued other standard-form policies which contain a similar appraisal clause to other individuals and entities across the State of Wisconsin.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this dispute is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

13. State Farm issued insurance policies to the Plaintiffs and the proposed class members which included appraisal clauses which incorporated the terms of Wis. Admin. Code § Ins 6.76(3)(L) or a more liberalized version thereof.

14. State Farm has a company-wide pattern or practice of rejecting an insured's appraisal demand in the context of a covered loss where the parties' dispute covers anything other than "pricing difference", i.e., the cost of a specific component of a property that State Farm determines was damaged or requires some repair, replacement or manipulation as a result of other damage.

15. State Farm's pattern or practice is inconsistent with the appraisal clause and the law of the State of Wisconsin.

ALLEGATIONS SPECIFIC TO THE NOVAKS

16. The policy issued to the Plaintiffs included an appraisal provision which stated that where the parties "fail to agree on the amount of loss, either party can demand that the amount of loss be set by appraisal."

17. On or about April 12, 2022, the Plaintiffs' property sustained hail damage.

18. The Plaintiffs promptly notified State Farm of the loss.

19. Following an investigation, State Farm concluded the Plaintiffs' property sustained hail damage, that such damage was covered under the policy, and prepared an estimate on the amount of loss.

20. The Plaintiffs disagreed with the amount of loss identified by State Farm in its estimate, including the scope of damage and the means and methods of repair.

21. The Plaintiffs produced an estimate of their own to support their position on the amount of loss.

22. On or about November 2, 2022, December 14, 2022, and December 30, 2022, the Plaintiffs invoked the appraisal clause to resolve the parties' dispute over the amount of loss.

23. On or about January 5, 2023, State Farm rejected the Plaintiffs' appraisal demand, stating, in part, "This is not a case in which the parties 'have failed to agree on the amount of loss.' Rather, at present, the parties do not agree on the repairs which would be covered under the State Farm policy for the specific items listed on State Farm's estimate."

24. State Farm has developed a pattern and practice of improperly characterizing disputes over causation, scope and means and method of repair in the context of a covered loss as coverage issues to deny insureds their right to appraisal.

25. The Plaintiffs never sought to have an appraiser or any member of an appraisal panel review State Farm's policy to determine the existence of coverage.

26. To date, State Farm has refused to honor the appraisal clause in the policy in a manner that is consistent with the policy and the law of the State of Wisconsin.

27. State Farm's improper denial of the Plaintiffs' contractual right to have an appraisal panel resolve any dispute over the amount of loss is a breach of the contract.

28. As a result of State Farm's breach of the contract, the Plaintiffs have suffered damages, including any and all unpaid amounts related to their insurance claim and the costs associated with this action necessitated by State Farm's refusal to honor the contract.

29. State Farm had no reasonable basis to reject the Plaintiffs' appraisal demand and has intentionally or recklessly disregarded the policy language and/or the law of the State of Wisconsin.

## CLASS ALLEGATIONS

30. **Class Definition:** Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a Class of all other Wisconsin residents similarly situated, defined as follows:

> All individuals or entities who purchased an insurance policy from State Farm which contained an appraisal clause; who suffered a covered loss under said policy within the applicable limitations period; who made a claim with State Farm for the covered damage; where there was a disagreement over the amount of loss, including the scope of the loss; where the insured invoked the appraisal clause; and where State Farm denied the insured's appraisal demand based on its position that causation, scope, or means and methods of repair are not appraisable under the policy or under the law of the State of Wisconsin.

Excluded from the proposed class are: (1) Defendant, and Defendant's agents; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

31. **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. This conclusion is reasonable because State Farm issues a significant number of policies in the State of Wisconsin which contain an appraisal clause and has a company-wide directive to reject an appraisal demand or refuse to participate in the appraisal process in every claim that involves a dispute over something other than the price of a specific component of the covered property, including any dispute over causation, scope of loss, and means and method of repair. While the exact number of members in the Class is presently unknown and can only be ascertained through discovery, Class members can easily be identified through State Farm's records or by other means.

32. **Commonality and Predominance:** There are common questions of fact and law affecting members of the Class, which common questions predominate over questions which may affect individual members. These include the following:

   a. Whether the Plaintiffs and Class members are entitled to an appraisal to resolve their respective disputes over the amount of loss;

   b. Whether State Farm breached its insurance policies issued to the Plaintiffs and Class members by denying their right to appraisal; and

   c. Whether State Farm acted in bad faith when it denied the Plaintiffs and Class members' right to appraisal.

33. **Typicality:** The Plaintiffs' claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful conduct. The Plaintiffs and

the Class members have been similarly or identically harmed by the same unlawful conduct of State Farm. State Farm has uniformly refused to submit to an appraisal demand made by the Plaintiffs or the Class members.

34. **Adequacy of Representation:** The Plaintiffs will fairly and adequately represent the Class members. The Plaintiffs have no interests that conflict with the interests of the Class members. Furthermore, the Plaintiffs have retained counsel experienced and competent in the applicable area of law.

35. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiffs and the Class members. Besides the predominance of questions common to all Class members, individual Class members lack resources to undertake the burden and expense of individual prosecution of these claims against State Farm. Individualized litigation increases the delay and expense to all parties and multiples the burden on the judicial system presented by the legal and factual issues of this case. In contrast, the class action device presents far fewer management difficulties and provides the benefit of a single, consistent adjudication, economy of scale, and comprehensive supervision by a single court on the legal issue and State Farm's liability.

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF

36. The policies issued to Plaintiffs and the Class members contain an appraisal clause which allows the insured or State Farm to invoke appraisal to resolve any disagreement over the amount of loss.

37. The Plaintiffs and the Class members suffered a covered loss with the applicable limitations period.

38. The Plaintiffs and the Class members each disagreed with State Farm on the amount of loss.

39. The Plaintiffs and the Class members each invoked the appraisal clause to resolve a disagreement over the amount of loss.

40. State Farm rejected and/or improperly limited The Plaintiffs and the Class members' appraisal demand in a manner that is inconsistent with the policy and the law of the State of Wisconsin.

41. The Plaintiffs and the Class members request a declaration which compels State Farm to honor the appraisal clause in a manner that is consistent with the policy and with the law of the State of Wisconsin so that an appraisal panel, composed of two appraisers and an umpire, if needed, can inspect the property and set the amount of loss on each claim.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

42. The Plaintiffs and the Class members purchased insurance policies from State Farm which are valid and binding contracts between insurer and insured.

43. The Plaintiffs and the Class members each substantially complied with all policy terms and conditions with respect to their insurance claims.

44. Despite the Plaintiffs and the Class members' cooperation and compliance, State Farm and/or its authorized agents breached the Plaintiffs and the Class members' insurance policies by failing to, among other things: (1) relay accurate information concerning the terms and conditions of the policies; (2) acknowledge and indemnify the insureds for all damage arising out of a covered loss; and (3) honor the insureds' right to an appraisal to resolve any dispute over the amount of loss.

45. As a direct and proximate result of State Farm's breach of the insurance contracts, the Plaintiffs and the Class members have been forced to pursue litigation to obtain the benefits they are entitled to under their policies, including their contractual right to an appraisal, and have and will continue to suffer damages, including any and all covered repair costs as determined by an appraisal panel and the costs and fees associated with this litigation.

## THIRD CAUSE OF ACTION – BAD FAITH

46. By virtue of the Policy, State Farm owed the Plaintiffs and the Class members certain express and implied duties, including but not limited to, a duty of good faith and fair dealing, a duty to accurately represent the terms of the policies, and a duty to refrain from requiring the insureds to initiate a lawsuit to recover amounts due and owing under the policies.

47. State Farm and/or its authorized agents breached the terms and condition of the policies and duties owed to the Plaintiffs and the Class members by failing or refusing to acknowledge the full extent of the loss and the insureds' right to an appraisal.

48. State Farm and/or its authorized agents breached the implied covenant of good faith and fair dealing by, among other things, intentionally or recklessly disregarding the Plaintiffs and the Class members' contractual right to an appraisal and evidence supporting additional loss amounts owed under the policies.

49. State Farm denied the Plaintiffs and the Class members' contractual right to an appraisal without any reasonable basis and has acted in bad faith.

50. As a direct and proximate result of State Farm's bad faith, the Plaintiffs and the Class members are entitled to recover all losses due and owing under the policies, all other compensatory,

consequential, and pecuniary losses, attorney fees, costs, and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant as follows:

A. For a declaration compelling Defendant to honor the Plaintiffs and the Class members' appraisal demands in a manner that is consistent with the policies and the law of the State of Wisconsin;

B. For payment of any unpaid portion of their claims as a result of covered damage as determined by an appraisal panel;

C. For all other damage sustained by Plaintiffs as a result of Defendant's breach of the policy;

D. For all other contractual or other benefits due and owing under the policies;

E. For statutory interest on any unpaid and/or overdue portion of the claim, pursuant to Wis. Stat. § 628.46;

F. For litigation and investigation costs, including attorney fees;

G. For punitive damages; and

H. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFFS DEMAND A TRIAL BY A JURY OF 12 PERSONS**

Dated this 1ˢᵗ day of March, 2023.

                                      MGW LAW LLP

                                      *Electronically signed by Joshua M. Greatsinger*

By: _____

                                      Joshua M. Greatsinger, SBN: 1094313
                                      Attorney for Plaintiffs Nicholas and Stacy Novak, individually and on behalf of others similarly situated

<u>Mailing Address</u>
1425 Memorial Drive
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
jgreatsinger@mgwlawwi.com