UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS NOVAK and
STACY NOVAK,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.    Case No. 23-C-283

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## DECISION AND ORDER ON MOTION TO DISMISS

On March 1, 2023, Plaintiffs Nicholas and Stacy Novak brought this action on behalf of themselves and others similarly situated against Defendant State Farm Fire and Casualty Company, asserting claims for declaratory relief, breach of contract, and bad faith. The court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). Presently before the court is State Farm's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion will be granted but only in part.

### LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion for Rule 12(b)(6) dismissal, a complaint must contain factual allegations that "raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* Therefore, a simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations marks omitted); *see also Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

Generally, when ruling on a Rule 12(b)(6) motion, "the court may consider only the plaintiff's complaint. Rule 10(c) provides, however, '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (citation omitted). "[T]his rule includes a limited class of attachments to Rule 12(b)(6) motions. '[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *Id.* (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Consequently, when ruling on a Rule 12(b)(6) motion, the court may consider "documents . . . attached to the complaint, documents . . . central to the complaint and . . . referred to in it, and information that is properly subject to judicial notice." *See Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)). This rule is "a liberal one," especially when the plaintiff "does not contest

2

the validity or authenticity of the extraneous materials." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (citation omitted).

## ALLEGATIONS IN THE PLEADINGS

Plaintiffs are adult citizens of the State of Wisconsin. Compl. ¶ 7, Dkt. No. 1. State Farm is an insurance corporation with its principal place of business in the State of Illinois. *Id.* ¶ 8. On August 25, 2021, State Farm issued Policy Number 49-CB-Z506-0 (the Policy) to Plaintiffs, which was in effect for one year, until August 25, 2022. *See* Dkt. No. 7-1 at 2. The Policy gave Plaintiffs "the right to demand an appraisal to resolve any disagreement over the amount of a covered loss." Compl. ¶ 9.

The Policy provided coverage for "accidental direct physical loss to the property," *see* Dkt. No. 7-1 at 21, but explicitly excluded coverage for damages caused by "wear [and] tear," *see id.* at 24. The Policy also included the following appraisal terms:

> 4. **Appraisal**. If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.
>
> ***
>
> h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:
>
> (1) any other questions of fact;
>
> (2) questions of law;
>
> (3) questions of coverage;
>
> (4) other contractual issues; or
>
> (5) to conduct appraisal on a class-wide basis.

3

> i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.
>
> j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

*Id.* at 21–22.

Plaintiffs allege that their home sustained hail damage on April 12, 2022. Compl. ¶ 17. State Farm investigated and "prepared an estimate on the amount of the loss." *Id.* ¶ 19. State Farm's estimate indicates that it inspected the property on May 23, 2022, and concluded that Plaintiffs' home sustained damage to gutters, facia, and siding, with a total replacement cost value of $2,901.11. *See* Dkt. No. 7-2 at 4. Because that amount was below Plaintiffs' $3,697 deductible, no payment was required. State Farm's estimate does not include any assessment of damage to the shingles of Plaintiffs' roof, and the roof portion of the estimate states "[n]o damages observed on inspection." *Id.* at 5.

On October 7, 2022, Plaintiffs hired a contractor to re-inspect their home, and State Farm followed up with the couple regarding that re-inspection via a letter dated October 8, 2022, which sets forth State Farm's conclusion concerning the shingle damage identified by Plaintiffs' contractor:

> the damage pointed out by your contractor did not exhibit bruising or fracture of the shingle mat and *is not consistent with hail damage*. Based upon the results of our discussions, site inspection, and investigation, *it was determined that the damage to the shingles marked by your contractor is due to wear, tear, deterioration and defect*.

Dkt. No. 7-3 at 1 (emphasis added). The complaint refers to correspondence with State Farm, and the October 8, 2022 letter is part of the same series of correspondence that is central to Plaintiffs' claims. *See, e.g.*, Compl. ¶ 23.

Plaintiffs disputed State Farm's assessment of the loss and "produced an estimate of their own to support their position on the amount of loss." *Id.* ¶¶ 20–21; *see also* Dkt. No. 7-4. Plaintiffs' estimate called for extensive repairs to the roof, including the replacement of roof shingles. The roof repair costs identified by their estimate total $14,100.34, plus gutter repair costs totaling $2,526, for a total repair cost of $17,422.91. *Id.* at 2.

Plaintiffs invoked the Policy's appraisal clause with respect to the parties' dispute over whether the damage to the shingles was caused by hail or by normal wear and tear. Compl. ¶ 22. By letter dated January 5, 2023, *see* Dkt. No. 7-5, State Farm rejected Plaintiffs' request for an appraisal. *Id.* ¶ 23. The letter advised them as follows:

> As is expressly stated in paragraph h. above, appraisal is only available to determine the amount of the loss of each item in dispute and does not include any authority to decide any other questions of fact or questions of coverage. This is not a case in which the parties "have failed to agree on the amount of the loss." Rather, at present, the parties do not agree on the repairs which would be covered under the State Farm policy for the specific items not listed on State Farm's estimate.
>
> Therefore, because the dispute herein centers around whether you are entitled to recover damages for items that were found to not be covered by the policy, appraisal would not be appropriate as outlined above as the appraisers and umpire have no authority to decide whether certain items are covered or any other questions of coverage.

Dkt. No. 7-5 at 4.

On March 1, 2023, Plaintiffs commenced this action asserting claims on behalf of themselves and others similarly situated for declaratory relief, breach of contract, and punitive damages. The relief sought includes "a declaration compelling Defendant to honor the Plaintiffs['] and the Class members' appraisal demands in a manner that is consistent with the policies and the law of the State of Wisconsin," which is really a claim for specific performance, as well as any damages determined by the appraisal panel, any other contractual damages due and owing,

statutory interest, attorney's fees and costs, and punitive damages. Compl. at 10. State Farm responded with its motion to dismiss.

## ANALYSIS

### A. Declaratory Relief

Plaintiffs' claim for declaratory relief (actually, specific performance) centers on the interpretation of the Policy's appraisal provision. The complaint seeks an order compelling State Farm to comply with the appraisal procedure set forth in the Policy. Plaintiffs assert that the term "amount of loss" includes determinations of the scope or extent of damage, the method of repair, coverage, and causation, and, consequently, the matter should be sent to appraisal to resolve the parties' disputes regarding the scope of the damage. For its part, State Farm contends that under the plain language of subparagraph (h) of the Policy, an appraisal is warranted when the parties have disagreements about the pricing or valuation of a loss item only, not about any other questions of fact, law, or coverage. *See* Dkt. No. 7-1 at 22. The parties' dispute is over whether there was any hail damage to the roof: Plaintiffs say there was, whereas State Farm asserts that any damage is the product of normal "wear [and] tear." *Compare* Compl. ¶ 17 (alleging that "[o]n or about April 12, 2022, the [Novaks'] property sustained hail damage") *with* Dkt. No. 7-3 at 1 (October 8, 2022 letter from State Farm to Plaintiffs, stating that "the damage pointed out by your contractor . . . is not consistent with hail damage," and that State Farm had "determined that the damage to the shingles . . . is due to wear, tear, deterioration and defect"). The dispute over whether there was any covered loss to the roof is not one that is subject to the appraisal process.

The interpretation of an insurance policy contract is a question of law for the court. *Am. Family Mut. Ins. Co. v. Am. Girl, Inc.*, 2004 WI 2, ¶ 23, 268 Wis. 2d 16, 673 N.W.2d 65 (Wis. 2004); *see also Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶ 42, 319 Wis. 2d

6

52, 768 N.W.2d 596 (stating that "[t]he appraisal process is usually conducted pursuant to a contract, here a contract for insurance. A court's review of an appraisal award is therefore grounded in principles of contract interpretation"). "The court's goal in interpreting a contract is to give effect to the parties' intentions." *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2015 WI 65, ¶ 34, 363 Wis. 2d 699, 866 N.W.2d 679 (citing *Seitzinger v. Cmty. Health Network,* 2004 WI 28, ¶ 22, 270 Wis. 2d 1, 676 N.W.2d 426). But the parties' "subjective intent is not the be-all and end-all." *Id.* (citation and quotation marks omitted). The court's interpretation of a contract is controlled by its language. *Id.* When a contract's terms "are clear and unambiguous," the court will construe it "according to its literal meaning" because "the parties' intent is evidenced by the words they choose." *Id.* at ¶ 35 (citations omitted); *see also Gorton v. Hostack, Henzel & Bichler, S.C.*, 217 Wis. 2d 493, 506, 577 N.W.2d 617 (1998). "Contract language is construed according to its plain or ordinary meaning," *see Ash Park*, 2015 WI 65, ¶ 37 (citing *Huml v. Vlazny,* 2006 WI 87, ¶ 52, 293 Wis. 2d 169, 716 N.W.2d 807), consistent with "'what a reasonable person would understand the words to mean under the circumstances.'" *Id.* (quoting *Seitzinger v. Cmty. Health Network*, 2004 WI 28, ¶ 22). "Ultimately, the court's role is not to make contracts or reform them but to determine what the parties contracted to do." *Id.* at ¶ 38 (citation omitted).

Under the plain language of the Policy, the appraisal process is limited to circumstances where parties disagree as to the "amount of loss," or the valuation of the loss, not any other questions of fact, law, coverage, or any other contractual issues; nor does it cover conducting an appraisal on a class-wide basis. *See* Dkt. No. 7-1 at 22. Accordingly, the appraisal process is not the proper avenue to resolve the parties' disagreement as to the cause of the damage, the determination of which likely necessitates expert testimony because it is not within people's ordinary experience and knowledge. *See, e.g., Stelzer v. State Farm Fire & Cas. Co.*, No. 22-C-

457, 2023 WL 2710381, at *3 & 6 (E.D. Wis. Mar. 30, 2023) (finding that the plaintiff needed expert witness testimony to establish that wind caused damage to his roof because "determining whether the failure of shingles to adhere to one another is due to wind or age or improper installation is not within the realm of the ordinary experience of most people" but concluding that the plaintiff's proposed expert witness was "not qualified by education, training, or experience to offer opinion evidence under Rule 702" on that issue); *see also Payne v. Milwaukee Sanitarium Found., Inc.*, 81 Wis. 2d 264, 276, 260 N.W.2d 386 (1977) (stating that "[e]xpert testimony should be adduced concerning those matters involving special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of mankind, and which require special learning, study or experience.")).

In *St. Croix Trading Co./Direct Logistics, LLC v. Regent Ins. Co.*, the Wisconsin Court of Appeals held that an appraisal panel was not permitted to examine questions of coverage and that the panel "exceeded its authority" under the insurance policy's appraisal provision, which permitted the panel to determine the "value of the property or the amount of loss," when it "determine[d] which losses were covered by the [insurance] policy." 2016 WI App 49, ¶¶ 2, 14 & 17, 370 Wis. 2d 248, 882 N.W.2d 487. That conclusion is even clearer in this case because the insurance policy at issue in *St. Croix* did not have language that explicitly limited the appraisal procedure to "determine the amount of the loss of each item in dispute" and denied the appraisers and the umpire the "authority to decide: (1) any other questions of fact; (2) questions of law; (3) questions of coverage; (4) other contractual issues; or (5) to conduct appraisal on a class-wide basis." Dkt. No. 7-1 at 22.

This court's decision in *Higgins v. State Farm Fire and Cas. Co.* (*Higgins I*) is not to the contrary. In that case, a rental dwelling owned by the plaintiffs and insured against fire damage

8

by the defendant, was damaged in a fire. No. 22-C-198, 2022 WL 2440995, at *1 (E.D. Wis. July 5, 2022), *opinion vacated on reconsideration*, No. 22-C-198, 2022 WL 4016972 (E.D. Wis. Sept. 2, 2022). Each party retained a contractor to estimate what it would cost to repair the dwelling; the parties agreed the building had been damaged in a fire, but they disagreed about the difference in the price of four items and the scope of the damage for 41 items. *Id.* at *1–2. The defendant agreed to the appraisal process for the four items with "price differences" but asserted that the 41 items with "scope differences" were not subject to the appraisal process because those items involved questions of coverage. The plaintiffs did not move forward with the appraisal on the four items that the defendant listed and instead filed a lawsuit. *Id.* at *1–2. The court concluded that, based on the language of the insurance policy's appraisal provision, which provided that if the parties "fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal," *see id.* at *1, the appraisal process was limited to disputes over valuation, not causation or coverage. *Id.* at *4. Although the court later vacated the decision on reconsideration, it did so not because of an error of law but based upon a substantial change in the factual record.

The court's conclusion in *Higgins* I as to the limited function of an appraisal is even stronger here given that State Farm's policy language is even more explicit about the limited nature of an appraisal than the policy language in that case. Other courts have reached the same conclusion. *See, e.g.*, *Beer v. Travelers Home & Marine Ins. Co.*, No. 19-C-306, 2020 WL 429480, at *4 (W.D. Wis. Jan. 28, 2020) (stating that the "appraisal provision is limited to determining the amount of loss, *not* challenges to coverage"); *Stone Creek Condominium Owners Assoc., Inc. v. Charter Oak Fire Ins. Co.*, No. 19-C-862, 2021 WL 354180, at *5 (W.D. Wis. Feb. 2, 2021) (finding that "the appraisal provision . . . is similarly limited to determining the amount of loss, and does not include resolving coverage disputes, including whether damage to plaintiff's roofs

9

was caused by a hail storm within the coverage period" because "[t]hat is a disputed issue of fact for trial"). Issues of causation and scope of coverage are for the court, not appraisers, to resolve. *See, e.g.*, *Gronik v. Balthasar*, No. 10-CV-954, 2013 WL 5376025, at *3 (E.D. Wis. Sept. 24, 2013) (explaining that "the appraisers should not consider what caused each item of damage. They should simply assess the cost of repairing it. This court will decide what caused the damage and whether damage caused by particular perils, such as wear and tear or poor maintenance, are covered by plaintiffs' policy"); *Lynch v. Am. Family Mut. Ins. Co.*, 163 Wis. 2d 1003, 1009–10, 473 N.W.2d 515 (Ct. App. 1991) ("[A]n agreement for an appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for settlement by negotiation, or litigated in an ordinary action upon the policy." (citation omitted)). In sum, because the dispute between the parties is over causation and coverage, the appraisal provision does not apply.

Plaintiffs also argue that State Farm's policy is contrary to Wisconsin law. *See* Pls.' Br. in Opp'n to Mot. to Dismiss at 8–9, Dkt. No. 11. They are incorrect. First, Plaintiffs have waived this argument. Their complaint does not allege any provision of the Policy is invalid; rather, it actually alleges the exact opposite: that the Policy is *consistent* with the provision that Plaintiffs cite in their response brief, Wis. Admin. Code § Ins 6.76(3)(L). *See* Compl. ¶ 13 ("State Farm issued insurance policies to the Plaintiffs and the proposed class members which included appraisal clauses which incorporated the terms of Wis. Admin. Code § Ins 6.76(3)(L) or a more liberalized version thereof."). "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Pritchard v. Rainfair, Inc.*, 945 F.2d 185, 191 (7th Cir. 1991). Regardless, Plaintiffs' argument

fails because Wisconsin law does not require that insurance policies include specific language concerning appraisal. Wis. Admin. Code § 6.76 states that "[t]he following clauses, or any of them, shall be considered authorized clauses pursuant to s. 631.23, Stats." Wis. Admin. Code § Ins 6.76(3). Subparagraph (L) provides language of an authorized appraisal clause. Accordingly, the appraisal language provided in the statute is "authorized," not "required." Indeed, the statute cross-referenced in Section 6.76 *prohibits* mandatory uniform policy language: "The commissioner may not promulgate mandatory uniform clauses that preclude an insurer from filing its own forms under s. 631.20." Wis. Stat. § 631.23(1). Plaintiffs cite *Hart v. State Farm Fire & Cas. Co.* in support of their argument, but, unlike Wisconsin, Michigan required certain policy language. 556 F. Supp. 3d 735, 740 (E.D. Mich. 2021) (stating that "Michigan law *requires* the following provisions to be included in any fire insurance policy" (emphasis added)). Accordingly, Plaintiffs' assertion that the Policy is contrary to Wisconsin law, which they did not even plead, fails.

It thus follows that Plaintiffs have failed to state a claim for declaratory relief or specific performance. Their request for "a declaration which compels State Farm to honor the appraisal clause," *see* Compl. ¶ 41, fails because, as explained, Plaintiffs' understanding of how an appraisal works is at odds with the plain language of the Policy's appraisal clause. The dispute between the parties is not over the cost of repair or replacement of the shingles on Plaintiffs' roof; it is over whether there was any covered damage to the shingles. This is a dispute over coverage, an issue that is explicitly excluded from the appraisal process Plaintiffs claim they are entitled to invoke. Plaintiffs' claim for declaratory relief is therefore dismissed.

### B. Breach of Contract and Bad Faith

Plaintiffs have also asserted a claim for breach of contract. They allege that State Farm breached its policies with Plaintiffs and others by, "failing to, among other things, (1) relay

11

accurate information concerning the terms and conditions of the policies; (2) acknowledge and indemnify the insureds for all damage arising out of a covered loss; and (3) honor the insured's right to an appraisal to resolve any dispute over the amount of loss." Compl. ¶ 44.

The allegation that State Farm breached its policy by failing to relay accurate information concerning the terms and conditions of its policy is too vague and conclusory to state a claim for breach of contract. And to the extent the breach alleged is State Farm's refusal to submit the question of whether Plaintiffs suffered a covered loss to their shingles, the claim fails for the reasons already discussed. But the allegations that Plaintiffs suffered a covered loss that State Farm has refused to pay, by itself, is sufficient to state a claim. Plaintiffs allege that the shingles on their roof did sustain hail damage. While whether the shingles were damaged may not be an issue for the appraisal process, the allegation does reflect a factual dispute as to whether Plaintiffs are entitled to payment for such loss under the terms of the policy. Accordingly, this aspect of Plaintiffs' breach of contract claim remains.

Plaintiffs' bad faith claim also survives. In *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978), the Wisconsin Supreme Court recognized a claim for first party bad faith claims. The court held that to bring a bad faith claim, "a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* at 691. By alleging that State Farm's denial of damage to the shingles was unreasonable and without any basis in fact, Plaintiffs have stated a claim for bad faith under *Anderson*.

## CONCLUSION

For the foregoing reasons, State Farm's motion to dismiss (Dkt. No. 6) is **GRANTED-IN-PART**. The claim for declaratory relief is dismissed. The motion is **DENIED** as to Plaintiffs'

claims for breach of contract and bad faith. The Clerk is directed to set this case on the court's calendar for further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of August, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge